**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:13-CV-00187**

RICHARD S. MACK                                                                          PLAINTIFF

v.                                **FIRST AMENDED COMPLAINT**

NICK JEWELL,

RYAN JOHNSON

        SERVE:      Hon. Aaron D. Smith, Attorney for Defendants
                      ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
                      1101 College Street
                      P.O. Box 770
                      Bowling Green, Kentucky 42101-0770

and

BILL STEPHENS                                                                        DEFENDANTS

        SERVE:      Hon. Aaron D. Smith, Attorney for Defendants
                      ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
                      1101 College Street
                      P.O. Box 770
                      Bowling Green, Kentucky 42101-0770

** ** ** ** **

Comes the Plaintiff, Richard S. Mack, by and through the undersigned counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and respectfully submits this First Amended Complaint.

This first amendment to his Complaint is intended to change the names of the defendants, "Two Unknown Warren County Sheriff Deputies That Were Present With Nick Jewell On November 20, 2012, At 2600 Chandler Drive, Apartment 1728 To Arrest Richard S. Mack" to defendants "Ryan Johnson and Bill Stephens."

Defendants Ryan Johnson and Bill Stephens knew or should have known that this action was being brought against them, but for the Plaintiff's lack of knowledge regarding their specific identities.  Pursuant to Fed. R. Civ. P. 15(c), this amended pleading relates back to the date of the timely filed original complaint.

## PARTIES

1. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all paragraphs of his original Complaint.

2. Plaintiff, Richard S. Mack (hereinafter referred to as "Plaintiff"), is a natural person and current resident of Salt Lake City, Utah.

3. Defendant, Nick Jewell (hereinafter referred to as "Defendant Jewell") is a natural person and resident of Warren County, Kentucky, and is a deputy sheriff with the Warren County Sheriff's Department.

4. Defendant, Ryan Johnson, (hereinafter referred to as "Defendant Johnson") is a natural person and resident of Warren or Logan County, Kentucky, and was a deputy with the Warren County Sheriff's Department at the time of the incident complained of herein.

5. Defendant, Bill Stephens, (hereinafter referred to as "Defendant Stephens") is a natural person and resident of Warren County, Kentucky, and is a deputy with the Warren County Sheriff's Department.

## JURISDICTION AND VENUE

6.  Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all paragraphs of his original Complaint.

7.  Subject matter jurisdiction over this action is proper because it arises under the laws of the Commonwealth of Kentucky, and the amount in controversy exceeds the jurisdictional requisite of this court.

8.  Venue is proper in this Court because the events giving rise to this action occurred in Warren County, Kentucky.

## FACTS

9.  Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all paragraphs of his original Complaint.

10. On November 20, 2012, the Plaintiff was in his home at 2600 Chandler Drive, Apartment 1728, participating in guitar lessons with a visitor.

11. The Plaintiff received a knock on the door to his residence and promptly opened the door.

12. Defendant Jewell, Defendant Johnson and Defendant Stephens, without a search warrant or arrest warrant, barged into the Plaintiff's home uninvited, grabbed the Plaintiff, twisted his hands behind his back and handcuffed him forcefully.

13. The Defendants subjected the Plaintiff to a warrantless and unreasonable arrest for Assault, Fourth Degree and Possession of Controlled Substance, Second Degree.

14. The Plaintiff inquired as to why he was being arrested, and the Defendants advised the Plaintiff that he could not talk to a woman the way he did and not have legal troubles.

15. Subsequent to their warrantless entry into his home, the Defendants conducted a warrantless, nonconsensual and unreasonable search of his private residence.

16. Thereafter, the Plaintiff was taken to the Warren County Regional Jail against his will.  He was imprisoned against his will and not permitted to leave.

17. On December 3, 2012, Defendant Jewell testified at a Domestic Violence Hearing. Defendant Jewell admitted that he placed the Plaintiff under arrest for Assault Fourth Degree, notwithstanding the fact that there was no allegation or evidence whatsoever that he committed an assault on anyone.

## CLAIMS

### FALSE ARREST/FALSE IMPRISONMENT

18. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all paragraphs of his original Complaint.

19. The Defendants, under color of law as Warren County Deputy Sheriffs, intentionally and without probable cause, arrested the Plaintiff and intended to and did confine him directly within the boundaries of their patrol car and within the boundaries of the Warren County jail without sufficient legal process.

20. At all times, the Plaintiff was aware of the arrest and confinement and did not consent to either.  The Plaintiff was not permitted to leave on his own will, and he was harmed by the intentional confinement.

21. The Defendants did not enjoy a privilege or immunity to arrest and confine the Plaintiff.

22. The Defendants did not possess a warrant to arrest the Plaintiff.

23. The Defendants did not have reasonable grounds or good faith to believe that a crime was committed and the Plaintiff committed it.

24. Defendant Jewell admitted under oath that there was no allegation that the Plaintiff committed any assault; thus, Defendant Jewell did not have probable cause to believe that an assault had been committed and that the Plaintiff committed it.

25. The arrest and imprisonment violated the Plaintiff's Fourth Amendment right to remain free form unreasonable seizure.

26. The arrest and imprisonment of Plaintiff violated KRS 431.005 and KRS 431.015 entirely.

27. The Defendants' actions constitute the intentional tort of false arrest/false imprisonment.

28. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered damages in excess of the jurisdictional minimum of this Court.

29. The Plaintiff suffered mortification, humiliation, embarrassment, emotional distress, anguish, loss of time, physical discomfort, inconvenience and mental and physical injury as a direct and proximate result of the Defendants' actions.

30. The Defendants' actions were wither willful or malicious or were performed in such a way as would indicate an intentional or grossly negligent disregard for the rights of the Plaintiff.

## UNLAWFUL ENTRY AND SEARCH/TRESPASS

31. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all paragraphs of his original Complaint.

32. The Defendants unlawfully, without a warrant, entered the Plaintiff's private residence and conducted a warrantless search thereof.

33. The Defendants entry and search of the Plaintiff's home was unreasonable, conducted without a valid exception to the warrant requirement, and violated the Plaintiff's Fourth Amendment Right to remain free from unreasonable searches.

34. The Defendants' actions constitute the intentional torts of unlawful entry, unlawful search and trespass.

35. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered damages in excess of the jurisdictional minimum of this Court.

36. The Plaintiff suffered mortification, humiliation, embarrassment, emotional distress, anguish, loss of time, physical discomfort, inconvenience and mental and physical injury as a direct and proximate result of the Defendants' actions.

37. The Defendants' actions were wither willful or malicious or were performed in such a way as would indicate an intentional or grossly negligent disregard for the rights of the Plaintiff.

## RESERVATION OF ADDITIONAL CLAIMS

38. Plaintiff specifically reserves the right to assert such additional claims against each defendant, and against any other person, firm or corporation as may be disclosed by discovery or further proceedings in this matter, specifically including but not limited to malicious prosecution and abuse of process.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully demands the following relief:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants in an amount which will fairly and reasonably compensate him for the actual and compensatory damages incurred;

3. Punitive damages;

4. His costs expended herein including a reasonable attorney's fee; and

5. Any and all other relief, whether general or special, at law or in equity, to which he may appear to be entitled.

Respectfully submitted this 30th day of March, 2014.


/s/  Travis B. Lock_____

TRAVIS B. LOCK
P.O. Box 51472
Bowling Green, Kentucky 42102
(270) 791-4285 telephone
(270) 622-4285 facsimile
tlock@tlocklaw.com

**CERTIFICATE OF SERVICE**

It is hereby certified that on this 30th day of March, 2014, a copy of the foregoing document was served upon the Hon. Aaron D. Smith, counsel for the Defendant, by electronic mail service.

/s/ Travis B. Lock_____

TRAVIS B. LOCK