UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:13-cv-00187

RICHARD S. MACK                  PLAINTIFF

VS.          **MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

NICK JEWELL; RYAN JOHNSON;
BILL STEPHENS                  DEFENDANTS

       The Defendants, Ryan Johnson and Bill Stephens, by counsel, submit the following memorandum in support of their motion to dismiss:

       Plaintiff filed his original Complaint in this matter on November 19, 2013 (DN 1). Therein, he made claims of false imprisonment and violation of his Fourth Amendment rights against Warren County Sheriff's Deputy Nick Jewell and "Two Unknown Warren County Sheriff Deputies." Plaintiff's allegations and claims arise out of his arrest on **November 20, 2012** in Bowling Green, Warren County, Kentucky.

       Subsequently, on March 30, 2014, Plaintiff filed a Motion for Leave to File First Amended Complaint and tendered his First Amended Complaint therewith. (DN 12). That motion was granted by the Court on April 1, 2014 (DN 13) and Plaintiff's First Amended Complaint was filed of record that same date (DN 14).

       With his First Amended Complaint, Plaintiff, in his own words, "intend[s] to change the names of the defendants, 'Two Unknown Warren County Sheriff Deputies That Were Present With Nick Jewell on November 20, 2012, at 2600 Chandler Drive, Apartment 1728 to Arrest Richard S. Mack' to defendants 'Ryan Johnson and Bill

Stephens.'" Plaintiff's First Amended Complaint does not add any additional claims or allegations. **The sole purpose of the Amended Complaint is to add these two officers as Defendants herein.**

Plaintiff's First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because it fails to state a claim upon which relief may be granted. Specifically, the First Amended Complaint has been filed outside of the applicable statutes of limitations and Plaintiff's claims against Ryan Johnson and Bill Stephens are barred as a matter of law.

Dismissal for failure to state a claim upon which relief may be granted is appropriate when, accepting all well-pled allegations of the complaint as true, the plaintiff can prove no set of facts that would entitle him to relief. *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007). "While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. 'In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (quotations omitted).

Plaintiff has asserted two separate claims against Johnson and Stephens; (1) false arrest/false imprisonment and (2) violation of 4th Amendment rights, presumably via 42 U.S.C. § 1983. Congress has not legislated a statute of limitations period for § 1983 claims. Therefore, the courts look to the most analogous state statutes to ascertain the

appropriate limitations period. The Supreme Court has held that § 1983 claims should be "characterized as personal injury actions" and that courts "should borrow the general or residual statute for personal injury actions." *See Collard v. Kentucky Bd. Of Nursing*, 896 F.2d 179, 180-81 (6th Cir.1990) (internal citations omitted). Section 1983 actions in Kentucky, therefore, are limited by the **one year** statute of limitations period found in its personal injury statute, KRS § 413.140. So, Plaintiff's statute of limitations to bring a § 1983 claim expired on November 20, 2013.

The statute of limitations for the state law tort of false arrest/false imprisonment[1] is **one year**, with the clock beginning to run upon arraignment of the charges against Plaintiff. *Dunn v. Felty*, 226 S.W.3d 68 (Ky. 2007). According to the criminal docket of the Warren District Court in *Commonwealth v. Richard Mack*, Case No. 12-M-03360, Plaintiff was arraigned on the relevant criminal charges against him on November 21, 2012. (*See* Warren District Court docket in Case No. 12-M-03360 attached as <u>Exhibit 1</u>). Accordingly, Plaintiff's statute of limitations to bring a claim for false arrest/false imprisonment expired on November 21, 2013.

Plaintiff's arrest occurred on November 20, 2012. Appellant's original complaint (DN 1) was filed on November 19, 2013. Since the statutes of limitations for bringing a § 1983 action against Deputies Johnson and Stephens expired on November 20, 2013 and the limitations period for a false arrest/false imprisonment claim expired on November

---

[1] Kentucky courts make no distinction between these claims and treat them as a single tort. *Lexington Fayette Urban County Gov't. v. Middleton*, 555 S.W.2d 613, 619 (Ky. App. 1977).

3

21, 2013, the First Amended Complaint must be dismissed and the claims against Deputies Johnson and Stephens dismissed with prejudice as they are barred by the applicable statutes of limitations, unless the new allegations within the First Amended Complaint relate back to the filing of the original Complaint. They do not.

Fed. R. Civ. P. 15(c) governs whether an amended complaint relates back to the original complaint. Rule 15(c) provides:

> (c) Relation Back of Amendments
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment.
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew of should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity

Fed. R. Civ. P. 15(c)(1)(A) and (B) clearly do not apply to relate Plaintiff's Amended Complaint back to the original filing date; the applicable statutes of limitations do not provide for relation back and Plaintiff has asserted no new claims or defenses,

instead seeking to add new parties. Plaintiff may well argue that Fed. R. Civ. P. 15(c)(1)(C) provides him safe harbor, but that would be incorrect as well.

It has long been the rule of law in the Sixth Circuit that Fed. R. Civ. P. 15(c) allows the correction of misnomers, but not the addition or substitution of new parties after the statute of limitations has expired. *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991); *Ringrose v. Engleberg Huller Co., Inc.*, 692 F. 403, 405 (6th Cir. 1982); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973).

In *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996), the Sixth Circuit Court of Appeals applied this rule of law in a case where named parties were substituted for parties originally described as "unknown." The *Cox* Court held that Fed. R. Civ. P. 15(c)(1)(C)(ii) requires a mistake or misnomer in the name of the original defendant, and that requirement is not satisfied where the caption of the complaint refers to "unknown police officers" and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers. *Id.* at 240. The Court opined that a plaintiff's lack of knowledge of the names of the "unknown officers" is not such a mistake or misnomer. *Id. See also*, *Force v. City of Memphis*, 1996 WL 665609 (6th Cir. 1996) ("We have recently held [in *Cox*] that [the mistake] requirement is not satisfied where the caption of the complaint refers to 'unknown police officers' and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers.")

5

The Sixth Circuit addressed the Rule 15(c) "mistake clause" as it applies to changing parties for "John Doe" law enforcement officers in *Moore v. Tennessee*, 267 Fed. Appx. 450 (6th Cir. 2008). In *Moore*, the Sixth Circuit again held that "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." *Id.* at 450.

The Plaintiff here is attempting to do precisely the same thing as the plaintiffs in the *Cox, Force and Moores* cases, i.e., substitute named law enforcement officers for "John Doe" or "Unknown Deputy" defendants after the statute of limitations has expired, and have the amended complaint relate back. Sixth Circuit jurisprudence makes clear that such amendments do not satisfy the "mistake" component of Rule 15(c)(1)(C)(ii) and do not relate back to the original filing of the complaint. Moreover, district courts have consistently applied the same rule of law. *See Keene v. Justice*, 2009 WL 649159, *1-2, (E.D. Ky. 2009); *Mayes v. Kentucky State Police*, 2007 WL 2903137, *7-8 (E.D. Ky. 2007); *Yandal v. Holland*, 2013 WL 3293361, *3 (E.D. Ky. 2013)

The controlling case law is clear; Plaintiff's First Amended Complaint is time-barred and must be dismissed as a matter of law. Wherefore, Defendants, Ryan Johnson and Bill Stephens, move the Court to dismiss Plaintiff's First Amended Complaint with prejudice.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782

*s/Aaron D. Smith*
AARON D. SMITH